IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| THE CHURCH AT JACKSON, a Mississippi not-for-profit corporation, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HINDS COUNTY, MISSISSIPPI, | ) ) ) ) |
| Defendant. | ) ) |

Case No. 3:21-cv-298-HTW-LGI

VIDEO OR TELEPHONIC ARGUMENT REQUESTED

**PLAINTIFF'S URGENT MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND DECLARATORY RELIEF**

**NOW COMES** Plaintiff, The Church at Jackson, by and through counsel, pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and moves this Court for a temporary restraining order, immediate declaratory relief, and a preliminary injunction against the Defendant, Hinds County, Mississippi, enjoining the County from enforcing its Zoning Ordinance to prevent, or attempt to prevent, the Church from using and converting the Church's property located at 14875 I-55 S. Frontage Rd., Terry, MS 39170 ("Property") for religious assembly.

Since the Church is suffering irreparable harm and the loss of its religious freedom every day that the County is not enjoined from enforcing its Zoning Ordinance (specifically Sections 501 and 502), the Church requests a hearing for presentation of oral argument on this motion no later than Friday, May 7, 2021. In support of this Motion, Plaintiff relies on the following:

1. All supporting documents and exhibits, including Deacon Gabriel Olivier's declaration under 28 U.S.C. § 1746, which is already of record and filed as an exhibit to the Church's verified

complaint (Dkt. No. 1-2). The Church incorporates by reference its verified complaint (Dkt. 1) and the exhibits thereto (Dkt. No. 1-2 – 1-8). The Church is separately filing a Memorandum Brief in support of this Motion and will submit a proposed order to the Court in accordance with the local rules.

2. The Church seeks to use the Property for religious assembly. But under the Hinds County Zoning Ordinance, only nonreligious assembly uses are permitted as of right at the Property. The Property lies in an Agricultural District where several nonreligious assembly uses (such as recreational facilities, gymnasiums, and arenas) are permitted as of right but where religious assembly uses (such as churches, synagogues, or mosques) are prohibited unless they go through the County's conditional use permitting process. Dkt. No. 1, Verified Compl. at ¶¶ 17-26.

3. Because this unequal treatment constitutes a facial violation of the "Equal Terms" provision of the Religious Land Use & Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc(b)(1), and inhibits the Church's religious exercise, the Church requests immediate declaratory and injunctive relief from the unequal terms of the Hinds County Zoning Ordinance.

4. Unless the Court enjoins Hinds County from treating the Church's religious assembly on less than equal terms with the non-religious assembly uses permitted at the Property and declares the Church's right to equal treatment, the Church's religious exercise will be irreparably harmed.

5. **NOTICE TO DEFENDANT**: Pursuant to F.R.C.P. 65, Plaintiff's counsel certifies that he will serve Hinds County Attorneys Tony Gaylor and Rayford Chambers of Gaylor & Chambers Law Firm, PLLC, with a copy of this motion and the memorandum brief in support on May 4, 2021 via e-mail at tgaylor@cglawpartners.com and rchambers@cglawpartners.com. Plaintiff's counsel also certifies that the verified complaint, which sets forth the basis for the relief requested herein, was served on the County with a summons on April 30, 2021.

6. The Church also requests waiver of any bond requirement. The Court has significant discretion to waive the bond requirement in light of the public interest at stake.

WHEREFORE, Plaintiff respectfully request that this Court enter an order:

A. Temporarily restraining and preliminarily enjoining Hinds County, its officers, agents, employees, attorneys and all other persons acting in active concert with it, from enforcing the Hinds County Zoning Ordinance to prevent or attempt to prevent the Church from using the Property for religious assembly;

B. Declaring as a matter of law and equal treatment, the Church may use and convert the Property for religious assembly and worship notwithstanding the unequal terms of the Hinds County Zoning Ordinance;

C. Declaring that Hinds County has violated the Equal Terms provision of the Religious Land Use & Institutionalized Persons Act, 42 U.S.C. 2000cc(b)(1);

D. Waiving Rule 65(c)'s bond requirement;

E. Ordering Hinds County to show cause as to why the preliminary injunction should not be made permanent;

F. Grant such other relief as this Court deems appropriate.

Respectfully submitted this 4th day of May, 2021.

        Respectfully Submitted,
        **Dalton & Tomich, PLC**

        By: /s/ Noel W. Sterett
        *Noel W. Sterett (Illinois Bar No. 6292008)
        *Lead Attorney for Plaintiff*
        *Daniel P. Dalton (MI Bar No. 44056)
        *Adel Nucho (MI Bar No. P84139)
        The Chrysler House, 719 Griswold Street, Suite 270,
        Detroit, MI 48226
        Tel. (313) 869-6000
        nsterett@daltontomich.com

ddalton@daltontomich.com
anucho@daltontomich.com

*Pro Hac Vice applications pending [Dkt. 3]

and Local counsel Matthew Wilson

By: /s/ Matthew Wilson
Matthew Wilson (MS Bar No. 102344)
Law Office of Matthew Wilson PLLC
P.O. Box 4814
Mississippi State, MS 39762-4814
starkvillelawyer@gmail.com
Telephone (662) 312–5039

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2021, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document have been served on the attorney for the Hinds County Board of Supervisors, Mr. Tony Gaylor of Gaylor & Chambers Law Firm, PLLC, via e-mail at tgaylor@cglawpartners.com and via facsimile (601) 914-0255.

By: /s/ Matt Wilson

Matthew Wilson (MS Bar No. 102344)
Local Counsel
Law Office of Matthew Wilson PLLC,
P.O. Box 4814
Mississippi State, MS 39762-4814
starkvillelawyer@gmail.com
Tel. (662) 312–5039