**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**THE CHURCH AT JACKSON**                                           **PLAINTIFF**

**VS.**                         **CIVIL ACTION NUMBER 3:21-cv-00298-HTW-LGI**

**HINDS COUNTY, A COUNTY IN MISSISSIPPI**                       **DEFENDANT**

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S URGENT
AND NECESSITOUS MOTION [Document No. 25] FOR RULE TO
SHOW CAUSE WHY HINDS COUNTY SHOULD BE HELD IN CIVIL CONTEMPT FOR
DEFYING COURT'S RULE OF MAY 19, 2021**

COMES NOW Hinds County, A County In Mississippi ( i.e. hereinafter referred to as "Defendant") in the instant "Defendant's Response In Opposition To Plaintiff's Urgent And Necessitous Motion For Rule To Show Cause Why Hinds County Should Be Held In Civil Contempt For Defying Court's Rule Of May 19, 2021 **[Document No. 25]**, by and through counsel, and files this ~~its~~ Defendant's Response In Opposition To Plaintiff's Urgent And Necessitous Motion For Rule To Show Cause Why Hinds County Should Be Held In Civil Contempt For Defying Court's Rule Of May 19, 2021 in the above styled and numbered civil action, and in support hereof, Defendant would respectfully show unto this Honorable Court the following, to wit:

1. That the Court has jurisdiction over the parties and the subject matter herein.

2. That The Church At Jackson ( i.e. hereinafter referred to as "Plaintiff" in the instant "Defendant's Response In Opposition To Plaintiff's Urgent And Necessitous Motion For Rule To Show Cause Why Hinds County Should Be Held In Civil Contempt For Defying Court's Rule Of May 19, 2021"), asserted its certain civil action of and against Defendant, alleging that Defendant violated portions of the Equal Protection provision (s) of the Religious Land Use And Institutionalized Persons Act, more particularly identified as 42 U.S.C. 2000 cc (b)(1).

3. That on or about May 4, 2021, Plaintiff filed its certain Urgent Motion For A Temporary Restraining Order, Preliminary Injunction, And Declaratory Relief. *See* **[Document No. 4].**

4. That on or about May 14, 2021, the afore referenced "Motion" was brought on for hearing before U.S. District Court Judge, Honorable Henry T. Wingate.

5. That at the conclusion of arguments by counsel, Judge Wingate represented that a "status hearing" would commence on or about May 19, 2021, and at "that time", the Court would advise the parties of his "ruling."

6. That on or about May 19, 2021, Judge Wingate advised that parties that announced that he would "grant" the Plaintiff's certain Motion and that " ...... a written order would be entered by Monday, May 24, 2021 ......."

7. That on or about May 19, 2021, a "Minute Entry" was entered memorializing that the Court would grant Plaintiff's certain Motion. In addition, said "Minute Entry" represented that a written "Order" would be entered by Monday, May 24, 2021.

8. That since the entry of the aforementioned "Minute Entry," the written order has not been entered. As such, Defendant lacks the proper standing to avail itself to the relief for "reconsideration" as articulated in the applicable provision (s) of Rule 59 of the Federal Rules Of Civil Procedure.

9. That Defendant vehemently denies any averment raised by Plaintiff that it continues to treat Plaintiff on unequal terms.

10. That Defendant vehemently denies any averment raised by Plaintiff that it is preventing Plaintiff from moving forward with its plan (s) to use its property for religious assembly.

11. That Defendant denies that Plaintiff has continued to suffer irreparable harm. Defendant avers that as of the submission of the instant pleading, Plaintiff has not applied for a "building permit" of and from Defendant. Moreover, Defendant avers that Plaintiff has a duty to mitigate its damages and that any harm Plaintiff claims to have suffered in its Motion is due to its own haste and negligence.

12. That the undersigned states that it conferred with counsel for Plaintiff and during any and all such conversation (s), the undersigned advised Plaintiff's counsel that his client desired to seek relief of

the aforementioned written order identified herein.  In addition, the undersigned advised Plaintiff's counsel that he has NO AUTHORITY to do anything other than what had already been communicated.

13. That Defendant avers that Plaintiff's Motion is devoid of any evidence that demonstrates that it willfully violated this Honorable Court's Order, as no such Order exists.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court would deny the relief requested herein of and by Plaintiff; that this Honorable Court would deny Plaintiff's request for the entry of a "show cause" order as to why it should be held in civil contempt for allegedly violating the Court's ruling of May 19, 2021;  that this Honorable Court will find that any relief requested by Plaintiff pertaining to application for a building permit to be "premature" as no such application for a building permit has been submitted to Defendant by Plaintiff;   that the Court would deny Plaintiff's counsel's request for attorneys' fees as Plaintiff's "Motion" as premature on the grounds that the Order identified in the Minute Entry has not been entered; and Defendant respectfully prays that this Honorable Court will grant it any and all other additional and general relief for which it did not specifically pray for that the Court may deem appropriate in these premises.

RESPECTFULLY SUBMITTED, this the 5th day of August of 2021.

                                                HINDS COUNTY, MISSISSIPPI, DEFENDANT

                                               /s/  Brandon I. Dorsey
                                               BY: BRANDON I. DORSEY, MSB #100291

OF COUNSEL:
Amanda Alexander, MSB #101463
Brandon I. Dorsey, MSB # 100291
ALEXANDER LAW, P.A.
Post Office Box 1664
Jackson, Mississippi 39215-1664
Phone: 601.968.8571
Email: aga@alexanderlawpa.com
Email: bid@alexanderlawpa.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned does certify that he has this date filed the above and foregoing with the Clerk of Court using the Electronic Case Filing (ECF) system, which provided a true and correct copy of the above and foregoing to the following:

    Noel W. Sterett, Esquire
    Daniel P. Dalton, Esquire
    Adel Nucho, Esquire
    DALTON & TOMICH, PLC
    The Chrysler House,
    719 Griswold Street, Suite 270
    Detroit, Michigan 48226
    Email: nsterrett@daltontomich.com
    Email: ddalton@daltontomich.com
    Email: anucho@daltontomich.com
    ATTORNEY FOR PLAINTIFF

    Matthew Wilson, Esquire
    LAW OFFICE OF MATTHEW WILSON, PLLC
    Post Office Box 4814
    Mississippi State, Mississippi 39762-4814
    Email: starkvillelawyer@gmail.com

SO CERTIFIED, this the 5th day of August, 2021.

                                        /s/ Brandon I. Dorsey
                                        BY: BRANDON I. DORSEY, MSB #100291