# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| THE CHURCH AT JACKSON, | Case No. 3:21-cv-00298-HTW-LGI |
| Plaintiff, | |
| | **URGENT AND NECESSITOUS** |
| v. | |
| HINDS COUNTY, | VIDEO OR TELEPHONIC HEARING REQUESTED |
| Defendant. | |

**REBUTTAL TO DEFENDANT HINDS COUNTY'S RESPONSE TO PLAINTIFF'S URGENT AND NECESSITOUS MOTION FOR RULE TO SHOW CAUSE WHY HINDS COUNTY SHOULD NOT BE HELD IN CIVIL CONTEMPT FOR DEFYING COURT'S RULE OF MAY 19, 2021**

Plaintiff, The Church at Jackson (the "Church"), by and through counsel, and pursuant to L.U.Civ.R. 7(b)(2), (b)(4), and Fed. R. Civ. P. 27(a)(4), submits this Rebuttal to Defendant Hinds County's Response (doc. no. 28) to Plaintiff's Urgent and Necessitous Motion for Rule to Show Cause Why Hinds County Should Not Be Held in Civil Contempt for Defying Court's Rule of May 19, 2021 (doc. no. 25) and respectfully states as follows:

1. The County's characterization of this Honorable Court's ruling of May 19, 2021, as reflected in the Minute Entry, is plainly inaccurate. The Court did not say it "would 'grant'" Plaintiff's motion in some future unknown time as Defendant implies (doc. no. 28 at ¶ 6); rather, the entry provides that the "court grant*ed*" Plaintiff's motion. The Court unambiguously used the past tense of the verb grant.

2. Moreover, the Court denied the Church's request for a temporary restraining order as moot precisely because it granted the Church's request for a preliminary injunction and

declaratory relief. The TRO was unnecessary only because the Court granted the Church all the rest of the relief requested in its motion.

3. Moreover, the County's response is belied by the communications which were exchanged between the Church's attorney and the County's attorney before this motion was filed. The Church's counsel went to great lengths to confirm both orally and in writing that the County's position was that it would not entertain or process the Church's building permit application just as it would for the nonreligious assembly uses permitted as of right in the Agricultural District. The letter from the Church's counsel (Attorney Noel W. Sterett) to Defendant Hinds County's attorneys (Attorneys Brandon I. Dorsey and Amanda Alexander) dated June 29, 2021 speaks for itself. (*See* **Exhibit 2**, a true and accurate copy of the June 28, 2021 Follow Up Letter Regarding County's Refusal to Treat Church on Equal Terms in Violation of Relief Granted) (hereinafter the "June 28 Follow Up Letter".)

4. The Church is ready, willing, and able to "move forward with its building permit application" but the County made clear prior to and after the June 28 Follow Up Letter that it "remains unwilling to allow the Church to proceed with its application." (***Id***. at p. 1.)

5. The Church could not have been any clearer in giving the County time "to agree to allow the Church to proceed with its application." (***Id***. at p. 2.)

6. On July 9, 2021, Defendant Hinds County, through its counsel, acknowledged the June 28 Follow Up Letter. (*See* **Exhibit 3**, a true and accurate copy of email correspondence regarding the June 28 Follow Up Letter.)

7. Again, on July 14, 2021, Mr. Dorsey confirmed that the County remains unwilling to allow the Church to proceed with its application—in direct contravention to the County's now "vehement" denial. (*See* **doc. no. 28 at ¶¶ 9-10**).

8. There is nothing premature about this motion. The County was given ample opportunity to change its position and allow the Church to proceed with its building permit application in accordance with this Court's May 19, 2021 ruling. As established by Deacon Gabriel Olivier's declaration, the Church, in its patience with the County, has continued to suffer a great deal as a result the County's failure to comply with this Court's ruling. (*See* **Exhibit 1**.)

WHEREFORE, the Church respectfully asks this Court grant the relief requested in its Motion (**doc. no. 25**).

Respectfully submitted,
**Dalton & Tomich, PLC**

s/ Noel W. Sterett
Noel W. Sterett - PHV
*Lead Attorney for Plaintiff*
Daniel P. Dalton - PHV
Adel N. Nucho - PHV
The Chrysler House,
719 Griswold St, Suite 270
Detroit, MI 48226
Tel. (313) 869-6000
nsterett@daltontomich.com
ddalton@daltontomich.com
anucho@daltontomich.com

*and*

s/ Matthew Wilson
Matthew Wilson (MS Bar No. 102344)
*Local Counsel for Plaintiff*
Law Office of Matthew Wilson PLLC
P.O. Box 4814
Mississippi State, MS 39762
starkvillelawyer@gmail.com
Tel. (662) 312–5039

Dated: August 6, 2021

# CERTIFICATE OF SERVICE

I, Adel N. Nucho, hereby certify that on August 6, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notice of such filing to the following:

| | |
|---|---|
| Brandon I. Dorsey, Esq.<br>Amanda Alexander, Esq.<br>ALEXANDER LAW, P.A.<br>PO Box 1664<br>Jackson, Mississippi 39215-1664<br>Phone: 601.968.8571<br>Fax: 601.968.8574<br>Email: bid@alexanderlawpa.com<br>Email: aga@alexanderlawpa.com<br>Email: arb@alexanderlawpa.com<br>Email: isisdorsey@aol.com<br>Email: klf@alexanderlawpa.com<br>Email: mrh@alexanderlawpa.com<br>Email: qad@alexanderlawpa.com<br>*ATTORNEYS FOR DEFENDANT* | Brandon I. Dorsey, Esq.<br>BRANDON I. DORSEY, PLLC<br>PO Box 13427<br>Jackson, MS 39236-3427<br>Phone: 601.969.6960<br>Fax: 601.969.6959<br>Email: brandonlawpllc@aol.com |

Respectfully submitted,
**Dalton & Tomich, PLC**

s/ Adel N. Nucho
Adel N. Nucho - PHV
*Attorney for Plaintiff*

       *And*

s/ Matthew Wilson
Matthew Wilson (MS Bar No. 102344)
Law Office of Matthew Wilson PLLC
*Local Counsel for Plaintiff*

Dated: August 6, 2021