UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THE CHURCH AT JACKSON**                                          **PLAINTIFF**

vs.                                       **CIVIL ACTION NO. 3:21-cv-00298-HTW-LGI**

**HINDS COUNTY, MISSISSIPPI**                                      **DEFENDANT**

## ORDER

Before this court are three motions: 1) The first is a Motion for Interim Attorneys' Fees, filed by the Plaintiff, the Church at Jackson [doc no. 31]; 2) Plaintiff has also filed a motion seeking to advance the trial of this cause [doc no. 33]; and 3) Defendant Hinds County, Mississippi, has filed "A Motion to Alter and/or Amend Order Granting Preliminary Injunction, Motion to Stay and Other Relief," [doc. no. 35]. A pretrial conference was conducted on June 10, 2022, at which this court heard oral arguments on the motions.

BACKGROUND

This lawsuit was filed by the Plaintiff Church at Jackson, a religious organization, alleging that certain provisions of the Hinds County zoning ordinance, particularly Section 501[1]

---

[1] SECTION 501 - LAND USES PERMITTED (a) Single-Family detached dwellings including manufactured homes, modular homes, and relocated structures. Only one principal dwelling per lot may be erected in A Districts, except where the lot consists of six (6) acres or more, in which case up to three (3) single family detached dwellings may be erected per six (6) acres of land. (b) Accessory buildings and structures, the maximum size of which shall be limited to 50 percent of the area of the main building or 1,000 square feet in area, whichever is smaller. (c) Pastureland and raising the usual farm animals and poultry subject to the following regulations. This is not to be construed to include the operation of commercial activities otherwise provided in this Ordinance; such as feeding or fattening lots or pens for the purpose of dealing or trading in live stock, fowl, or small domestic animals, such as cats, dogs and rabbits. (1) Breeding, raising, and feeding of grazing livestock . . . . (2) Breeding, raising and feeding of swine, provided that pens for the keeping of swine . . . . (3) Breeding, raising and feeding of chickens, ducks, turkeys, geese, or other fowl, provided that . . . (d) Forestry and horticultural uses. The sale of vegetables, fruits and other plants shall only be allowed if permitted as a special exception (see Section 502). (e) Public or private recreational or open space facilities, excluding country clubs and the like which shall be regulated as public/quasi-public facilities or utilities subject to the provisions of Section 414 of this Ordinance. (f) Seasonal roadside stands for display or sale of agricultural products raised on the

and Section 502,[2] prevent or inhibit the ability of Plaintiff to have a church, or to engage in church activities, on the property that it owns. Contending that these sections of the zoning ordinance violate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),[3] Plaintiff sought and obtained from this court injunctive and declaratory relief, which would allow it to build and to use a facility for worship in an area of Hinds, County Mississippi. This area has been zoned by the County as an "Agricultural District."

---

premises. (g) Home occupations in compliance with Section 416 of this Ordinance. (h) Farms and farm buildings, as defined in Article II. (i) Public streets and highways. (j) Family subdivisions in compliance with Section 434 of this Ordinance (omissions under 501 c "Pastureland") (emphasis supplied).

[2] SECTION 502 - CONDITIONAL USES AND STRUCTURES AS PROVIDED IN SECTION 2406 (a) Public or quasi-public facilities and utilities in compliance with Section 414 and other regulations of this Ordinance. [Churches and other religious institutions are listed as Facilities and Utilities, Public/Quasi Public under Section 201 of the Zoning Ordinance.] (b) Day Care Facilities. (c) Stables and riding academies, provided that there shall be at least one (1) acre of land for each horse normally kept on the premises. In no case shall a stable or riding academy be located on a lot with an area of less than five (5) acres. (d) Plant nurseries and other horticultural uses where vegetables, fruit and other plants are grown on the premises or brought to the premises and maintained there for the purpose of retail sale from said premises. Such other additional products shall be permitted to be sold from the premises as are customarily incidental to the operation of a plant nursery. (e) Extraction of minerals, including sand and gravel, provided that when "open-pit" operations are conducted a Reclamation Plan must be approved by the Board of Supervisors as required in Section 201 and all related state laws regarding reclamation should be accommodated. (f) Veterinary hospitals and kennels. (g) Animal cemeteries (small domestic animals such as cats and dogs). (h) Commercial dealing or trading in farm animals or poultry, including such uses as: feed lots, feeding pens, poultry farms, rabbit hutches and similar intensive farming operations. (i) Roadside stand for the sale of merchandise or products not grown on premises. (j) Landing strips and agricultural flying services, provided they comply with all regulations of the Federal Aviation Administration. (k) Convenience grocery stores. (l) Accessory structures of greater area than that required in Section 501. (m) Junk yards. (n) Sanitary Landfill or Dump.
Hinds County Zoning Ordinance Article V Section 502.

[3] Section 2 of the RLUIPA contains two subsections that limit land use regulations. The first is the subsection containing the "Substantial Burden Clause." That clause "prohibits the imposition or implementation of a land use regulation . . . in a manner that imposes a "substantial burden" on the religious exercise of a person, assembly, or institution unless the government can show that the regulation furthers a "compelling governmental interest" by "the least restrictive means." *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 290 (5th Cir. 2012); 42 U.S.C. § 2000cc(a). The second subsection includes the Equal Terms Clause. That clause states: "No government shall impose or implement a land use regulation in a manner that treats a religious assembly or institution on less than equal terms with a nonreligious assembly or institution." 42 U.S.C. §2000cc(b)(1).

A detailed discussion of the facts of the case and analysis of the law, including the ordinances at issue, has been previously made in this court's Order Granting Injunction [doc. no. 30]. Accordingly, those facts and analyses will not be recounted here.

After conducting hearings on this matter on May 14, 2021, May 19, 2021, and August 31, 2021, this court entered its "Order Granting Preliminary Injunction" [doc. no. 30]. This court enjoined Hinds County from preventing Plaintiff Church at Jackson from using its land for a worship facility. This court found that the County's zoning ordinance violated the "Religious Land Use and institutionalized Persons Act" (RLUIPA), because it treated the subject religious institution less favorably than other entities, such as recreational facilities. This court pronounced its ruling from the bench on that date. Thereafter, on September 23, 2021, this court entered its written order granting the preliminary injunction and other relief.

This court now will consider each present motion in turn.

**Motion for Attorneys' Fees**

Plaintiff's Motion [doc. no. 31] for attorneys' fees and expenses seeks an award of its fees earned and out-of-pocket expenses incurred up to this very point in this litigation. This matter is not yet concluded, and is scheduled for a bench trial during the two-week trial term beginning July 18, 2022.

Plaintiff contends that such interim award is authorized under 42 U.S.C. § 1988,[4] since Plaintiff has succeeded in procuring the grant of a preliminary injunction. That development,

---

[4] **§ 1988. Proceedings in vindication of civil rights**
. . .
(b) Attorney's fees
In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34, the court, in its discretion, may allow the prevailing party, other than the United States,

proclaims Plaintiff, establishes it as "a prevailing party," thus, entitled to such an interim award of fees and costs.[5] The grant of attorneys' fees and expenses on an interim basis is discretionary[6] with this court, however; and, since the trial of this lawsuit is less than a month away, this court chooses to deny the motion at this time, but grants permission to Plaintiff to re-submit its motion at the conclusion of the trial.

### Plaintiff's Motion to Advance the Trial

Plaintiff has filed a motion [doc. no. 33] asking the court to advance the trial date. The defendant opposes the motion. Since this case is set for a bench trial in less than one month, this court treats the motion as moot.

### Defendant's Motion to Alter or Amend the Order

In its Order, this court declared, as a matter of law, that "Sections 501 and 502 of the Hinds County Zoning Ordinance treat religious assemblies on less than equal terms with nonreligious assemblies in violation of 42 U.S.C. § 2000cc(b)(1)." This court then ordered that Hinds County was preliminarily enjoined from enforcing the zoning Ordinance to prevent, or attempt to prevent, the Church at Jackson from using and converting its Property for religious assembly. This court further stated that "Defendant shall receive and process the building permit application of the Plaintiff The Church at Jackson on equal terms with the non-religious assembly uses permitted as of right in the agricultural district." *Order* [doc. no. 30 pp. 13-14].

---

a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction. 42 U.S.C. § 1988

[5] During the hearing on the motions, plaintiff's counsel argued that the Church at Jackson had been unable to proceed with construction of its facility due to a lack of funds, and that reimbursement to plaintiff of the attorneys' fees it had paid would allow plaintiff to proceed with construction. Plaintiff's counsel admitted, though, that this point had not been presented in its motion or the briefs on the motion.

[6] See footnote 4, *supra*.

On October 7, 2021, Defendant Hinds County filed its Motion to Alter and/or Amend Judgment [doc. no. 35][7]. In this motion, Hinds County asks this court to modify its Order to add the language under 28 U.S.C. 1292(b)[8], that would allow the Defendant Hinds County to appeal this court's order on the injunction to the Fifth Circuit Court of Appeals. The key language in §1292(b) requires a statement that "the order involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. §1292(b).

This court notes that the motion does not provide any basis for an order that the court finds a "substantial ground for a difference of opinion;" nor has this court heard anything during oral arguments that persuades this court that there is any such ground for a difference of opinion. This court is satisfied with its previous Order.

Moreover, §1292(b) only applies "to an order not otherwise appealable under this section." This court's Order Granting Preliminary Injunction, however, was appealable under §1292(a), which provides, that the courts of appeal shall have jurisdiction of appeals from: "[i]nterlocutory orders of the district courts of the United States, . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, . . ." 28 U.S.C. 292(a)(1). See also *Lumsden v. Lumpkin,* No. 20-50912,

---

[7] In its motion Defendant Hinds County asks this court for permission to forego submitting a memorandum brief. This court granted the request.

[8] 1292(b) states as follows:
(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.
28 U.S.C. §1292(b).

2022 WL 822180, at *1 (5th Cir. Mar. 18, 2022)(unreported)(citing *Lakedreams v. Taylor,* 932 F.2d 1103, 1106-07 (5th Cir. 1991); *Auto Parts Manufacturing v. King Construction of Houston, LLC*, 782 F.3d 186, 191 (5th Cir. 2015) ("We have jurisdiction pursuant to 28 U.S.C. § 1292(a), which grants this court jurisdiction to hear the appeal of an interlocutory order granting an injunction"); *Atwood Turnkey Drilling, Inc. v. Petroleo Brasiliero, S.A.,* 875 F.2d 1174, 1176 (5th Cir.1989), cert. denied, 493 U.S. 1075, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990).

Subsection (b) of §1292 then, is not applicable to the current situation. Even if it were, it is discretionary with the court whether to make the finding required in order to include the language regarding substantial ground for a difference of opinion. This court is satisfied with its prior ruling and, therefore, this court denies the motion to alter or amend its order.

CONCLUSION

Plaintiff's First Motion for Attorneys' Fees and Expenses to Date **[Doc. No. 31] is denied,** but this court grants permission to plaintiff to resubmit a motion for attorneys' fees and expense at the conclusion of the trial. Plaintiff's Motion to Advance Trial **[Doc. No. 33] is denied as moot.** Defendant's Motion to Alter and/or Amend Order **[Doc No. 35] is denied.**

SO ORDERED AND ADGUDGED, this the 1st day of July, 2022.

s/ HENRY T. WINGATE  
UNITED STATES DISTRICT JUDGE